JUDGE WOOD
DELIVERED THE OPINION OF THE COURT:
By the Civil Code of Practice, (sec. 499, sub-division 1,) it is provided that all controversies which might be the subject of a suit or action may be submitted to the decision of one or more arbitrators, or to two and their umpire, in the manner provided in that chapter. Parties may make such submission by rule of any court having jurisdiction of the subject-matter. The parties making such submission shall, where there is no suit or action pending, by written agreement filed, and noted on the record, or by an entry on the record, state what matter is submitted.
Where there is no suit or action pending, this written agreement, filed and noted of record, or the entry on the record, is the commencement of the proceeding. It is the foundation or beginning point.
*435 Without this written agreement filed and noted of record, or the entry of record, there can be no submission by rule of court, where there is no suit or action pending.
Without the submission as provided for in the first sub-division of the section, the court has no power or jurisdiction to render judgment upon an award of arbitrators, as provided for in the seventh sub-division of the section.
In the absence of these necessary preliminary steps, there is no foundation for a judgment of the court. Indeed, in their absense, the statute has not given to the court the power and authority to render judgment upon an award of arbitrators. In such case the judgment is void.
In the case now before the court there had been no written agreement filed and noted of record, nor an entry on the record stating the matters submitted, nor, in fact, any submission by rule of court of any matter outside of, and in addition to, that which had already been made the subject of the suit of C. O Carson against Ransom Carson, namely, the note executed by Ransom Carson to Newland. That note was the only subject-matter of the action pending.
No controversy between the parties relating to any other subject-matter had been submitted to arbitration by rule of court.
The arbitrators seem to have made two awards, one in regard to the controversy in reference to the note, the other in regard to matters of controversy wholly distinct and separate from the note.
Upon both awards judgments were rendered, as appears in this record.
The judgment for two hundred and ninety-eight dollars and ten cents, in favor of appellee against appellant, was based upon the award made and returned upon matters of controversy in reference to which there had been no entry and submission.
This judgment was wholly unauthorized, and must be reversed.
The second judgment, in bar of the plaintiff’s action upon the note, stands upon a different footing. There was an action *436 pending upon the note. The controversy involved in this action was regularly submitted to arbitration by rule of court. The arbitrators made and returned their award in favor of the defendant, and thereupon judgment was rendered in bar of the action.
To this judgment it is objected that the award was not made out and returned, and copies delivered to the parties ten days before the term of the court at which the judgment was rendered; and that judgment could not regularly have been rendered unless this had been done.
It is true that it was irregular in the circuit court to render judgment at the time judgment was rendered. But the objection cannot be taken with effect, if taken here for the first time. It seems to us to be a case of premature hearing; as in a case where process had been executed in an action, but not a sufficient length of time before the term of the court for the cause to stand regularly for hearing, according to sections 135 and 392 of the Code. Such an irregularity is by the Code only a clerical misprision, and is not a ground for appeal until the same has been presented and acted upon by the circuit court. (See Civil Code, secs. 577 and 578.)
This is an error for which the judgment would have been reversed if the matter had been presented to, and acted upon by, the circuit court; but it is not now available.
Before the adoption of the Code of Practice the rule was different, as decided in the cases reported in 2 Bibb, 159-162; 4 J. J. Marshall, 227; 10 B. Mon., 5-10.
The provisions of the Code make this change in the rule necessary. The other objections made to the award and proceedings of the arbitrators are such as should have been made in the court below.
As to most, if not all of them, in the absence of proof to the contrary, it will be presumed that the arbitrators complied with the requirements of the law. For example, it will be presumed that they were sworn, and that notice was given, from their statement of these facts.
The judgment in bar of plaintiff’s action on the note is affirmed.
The appellant is entitled to his costs.