HARVEY KING *vs.* JOSIAH W. BANGS & others.

Suffolk. March 21. — September 8, 1876. DEVENS & LORD, JJ., absent.

In an action brought by a mortgagee against one who has injured the mortgaged property by a removal of fixtures, evidence that the mortgagee, after the alleged injury and before the action was brought, under the power in his mortgage sold the mortgaged premises for more than enough to pay his debt and all prior incumbrances, is admissible in mitigation of damages.

TORT for breaking and entering the plaintiff's close, and removing certain fixtures therefrom. The declaration contained two counts. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the plaintiff, and a bill of exceptions was allowed, the material parts of which appear in the opinion.

*G. W. Park*, for the defendants.

*J. F. Pickering*, for the plaintiff.

COLT, J. Both counts in the plaintiff's declaration are for trespass to real estate, and allege the taking and carrying away of the fixtures and other parts of a dwelling-house thereon standing. The plaintiff at the trial claimed to recover as mortgagee for the injury to his security. The defendants offered to show that after the injury complained of, and before this action was begun, the plaintiff, under the power of sale in his mortgage, sold the premises for more than enough to pay his debt and all prior incumbrances, and conveyed the same to the purchaser. The defendants' answer was a general denial, but no question was then made or is now made as to the admissibility of the evidence under the pleadings. The judge ruled that the measure of damages was the actual amount of the injury done to the building, and excluded the evidence. We are of opinion that this evidence upon the question of damages was improperly excluded.

A mortgagee, if there is anything due on his mortgage, whether in possession or not, may maintain an action of tort, and recover the full value of fixtures wrongfully removed, on the ground that his security has been thereby diminished. Under our decisions the right to recover does not depend on proof of the insufficiency of the security; because, until the whole debt is paid, the mort-

gagee has a right to the whole security pledged, and, if deprived of any part of it, he is entitled to full redress therefor. A mortgagor in possession may also recover for the same injury in an action of trespass, by way of aggravation. It does not follow however, that the defendant is compelled to pay full damages to each successively, because he may escape the claim of the latter by showing that he has settled with one having superior right; and, satisfaction so made, discharges the claims of all. When the action is trespass for a breach of the close, damages for the removal of the fixtures are incidental to the action and separable from it. But, in whatever form recovered, they arise out of and pertain to the estate, and, when recovered by a mortgagee, must be applied by him in payment of the mortgage debt. It was accordingly held in *Gooding* v. *Shea*, 103 Mass. 360, that a mortgagee could recover the full amount of the damages caused to the estate by the removal of the fixtures, without regard to the sufficiency of the security, and although the mortgagor in possession had sued the defendant for the same acts. See, also, *Byrom* v. *Chapin*, 113 Mass. 308. The rule which prevails in New York is otherwise, and the plaintiff is required in such case to show the insufficiency of the security. *Lane* v. *Hitchcock*, 14 Johns. 213. *Gardner* v. *Heartt*, 3 Denio, 232.

In the case at bar, evidence of the payment of the plaintiff's mortgage and the termination of his interest in the mortgaged estate was offered by the defendant. The general rule is that damages must be precisely commensurate with the injury which the plaintiff suffers by the act of wrong at the time it was committed; but under this rule the defendant is constantly permitted to give in evidence the plaintiff's subsequent change of relation to the property, for the purpose of showing that the damages, to which he would otherwise have been entitled, have been thereby diminished. Thus, if he has only a special property, or a qualified interest, subject to which the defendant has acquired title, and the plaintiff can be indemnified by a sum less than the full value, that sum is the measure of damages. *Chamberlin* v. *Shaw*, 18 Pick. 278. So when in trover the property has been restored to the plaintiff, or been applied to the payment of his debts, or otherwise come to his use, the fact may be shown in mitigation of damages. *Pierce* v. *Benjamin*, 14 Pick.

356. *Kaley* v. *Shed*, 10 Met. 317. *Squire* v. *Hollenbeck*, 9 Pick. 551. And in no case can a party having a special or qualified interest recover damages beyond the extent of his interest, except as he is trustee, and responsible over to the general owner. *Jarvis* v. *Rogers*, 15 Mass. 389. If the plaintiff were permitted here to recover full damages, he would either hold the same with no responsibility over, or he would be obliged to pay it over immediately to the owner of the equity at the time of the injury, and who then had a right of action for it. The owner of the land subject to the mortgage is the only one, on the evidence offered, who appears to have suffered any actual damage by the removal of the fixtures ; and there is no rule of law which prevents the defendant from showing that fact in just mitigation of the plaintiff's claim for damages at least.

*Exceptions sustained.*