WILLIAM G. WHITE, administrator, *vs.* CHARLES H. ALLEN.

Hampden.   Sept. 26. — Oct. 2, 1882.   ENDICOTT, LORD & FIELD, JJ.,
absent.

A. delivered a quantity of hides to B. to be by him tanned, curried and sold; and,
out of the proceeds derived from the sale, B. was to pay A. a certain sum, at
which the hides were charged to B., and to retain the balance of the proceeds
of the sale for his labor on the hides and for his services in selling the same.
Until thus tanned, curried and paid for, the title to the hides was to remain
in A.   B. died before the process of tanning and currying was completed, and
A. immediately took possession of the hides and completed this process and sold
them for a sum stated, which was their value at the time A. took possession of
and sold them.   *Held*, in an action by B.'s administrator against A., that the
contract between A. and B. was not so personal in its character that it was de-
termined by the death of B.; and that the administrator was entitled to recover
only the difference between the amount at which the hides were charged to B.
and the amount realized from the sale by A.

TORT for the conversion of fifty hides of leather, with a count
in contract for money had and received.   The case was sub-
mitted to the Superior Court upon agreed facts, in substance as
follows:

Charles Byrt died intestate on March 25, 1881, and the plain-
tiff was appointed administrator of his estate on October 4, 1881.
The defendant is the surviving partner of the firm of T. H. Allen
& Brother.

The plaintiff's intestate was a tanner and currier, and, in Feb-
ruary 1881, the defendant's firm sent to him fifty hides to be by
him tanned, curried and sold, and, out of the proceeds derived
from the sale of the hides he was to pay the firm the sum at
which they were charged to him, namely, $117.61, and to retain
the balance of the proceeds of such sale for his labor and for
selling the same.   It was stipulated that, until thus tanned, cur-
ried and paid for, the title to the hides should remain in the
firm.   The process of tanning and currying was not quite com-
pleted when the plaintiff's intestate died, and, within two days
after his death, the defendant's firm took possession of the hides
and finished and completed this process.   Five days after his
death they sold the hides for $132.81; and this was their value
when the firm took possession of and sold them.   In order to
prevent damage to the hides, it was necessary to complete this

process of tanning and currying without delay. The authority of the plaintiff's intestate to tan, curry and sell these hides was never revoked during his life by the defendant's firm, and he was never paid for performing this service.

If, upon the above facts, the plaintiff could recover, judgment was to be entered for him for such sum as he was entitled to recover; otherwise, judgment for the defendant.

*Bacon*, J. found that the plaintiff was entitled to recover $132.81, and ordered judgment for him for that amount; and the defendant appealed to this court.

*W. G. White, pro se.*

*F. E. Carpenter*, for the defendant.

DEVENS, J. The contract between the plaintiff's intestate and the defendant's firm is not to be deemed one so personal in its character that it was determined by the death of the intestate. It could have been completed by the administrator, by finishing the tanning and currying and selling the skins, belonging to the firm, upon the terms agreed. The work having been in fact completed by the firm and the skins sold, the question is as to the damages that the plaintiff may recover. Where one has a special property in a chattel, or a lien thereon, he may in some instances recover its full value against a wrongdoer who appropriates it; but as in such case he recovers all that exceeds his own special property or interest therein, for the benefit of the general owner, when the wrongdoer is not a third person, but the general owner himself, his rights are fully maintained, and circuity of action is avoided, by permitting him to recover the value or amount of his special property or interest alone. He is thus fully indemnified, the balance of the value is with those entitled to it, and the whole controversy is thus settled in a single suit. *Chamberlin* v. *Shaw*, 18 Pick. 278. *Fowler* v. *Gilman*, 13 Met. 267. *King* v. *Bangs*, 120 Mass. 514. *Burdick* v. *Murray*, 3 Vt. 302. *Spoor* v. *Holland*, 8 Wend. 445.

The plaintiff seeks to distinguish the present from the cases above cited, upon the ground, first, that the plaintiff's intestate never would have had any right of action for tanning or currying the hides, as he was to be paid, if paid at all, only by the balance of the proceeds of any sale above $117.61; and second, that the plaintiff's intestate never held the hides as security for

any charges which the defendant could pay or tender, and thus recover possession of the same. But the amount due the plaintiff is readily ascertainable. It could not exceed the difference between $117.61 and the value of the skins when the process was completed, for which they were in the hands of the intestate, and there is no reason why it should not equal that, as it is found that, alike when the skins were taken by the defendant and when they were sold, they were of the value of $132.81, although something had been done upon them by the defendant to complete them.

It is urged that the value of the interest of the plaintiff not only fluctuates with the price of the goods, but depends upon that fact entirely; and that, having been entitled to sell the goods himself, and having been deprived of that right, the damages sustained cannot be thus measured. But in every case where goods are wrongfully taken, the owner is deprived of his right to sell them, which might perhaps have enabled him to obtain a higher price than their value when taken, by a favorable change in the market; yet it is deemed that he is sufficiently compensated by receiving their then actual value. If, therefore, the plaintiff were allowed to recover the whole sum of $132.81, there would be nothing which he could offset as damages in an action brought by the defendant for the sum of $117.61.

The case does not seem to us distinguishable in principle from those before cited; and the sum of $15.20, being the difference between the two sums above named, with interest upon it from the date of the writ, is all that the plaintiff is entitled to recover. *Judgment accordingly.*