ALBERT L. NICHOLS & another *vs.* JOSEPH A. ASHTON.

Bristol.     October 28, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Sale on Instalment Plan — Chattel Mortgage.*

Goods were delivered under a contract for purchase on the instalment plan, ex-
pressed in a writing signed by the purchaser, which purported to bind him to
make the payments necessary to entitle him to the goods, but declared that he
had borrowed and received the goods, that the title should not pass until the
whole amount of the stipulated value should have been paid, and that the seller
retained the right to immediate possession. The goods were attached as the
purchaser's, and the seller replevied them. *Held*, that the transaction could
not be treated as a sale and mortgage, and that, in the absence of further evi-
dence, rulings based on the hypothesis that the seller was a mortgagee of the
goods were properly refused.

REPLEVIN of furniture.  Trial in the Superior Court, before
*Sherman*, J., who, after a verdict for the plaintiffs, allowed ex-
ceptions, which, so far as material to the point decided, appear
in the opinion.

*S. W. Ashton*, for the defendant.

*N. Hatheway, Jr.*, for the plaintiffs.

HOLMES, J.  This is an action of replevin against an officer,
for goods attached as the property of one Fred L. Stiff.  The
plaintiffs had delivered the goods to Stiff under a contract for
purchase on the instalment plan, expressed in a writing signed
by Stiff.  At the trial the defendant contended, and offered evi-
dence to prove, that this contract was a cover for an absolute
sale to Stiff's father; but the jury found the other way.  The
defendant also asked for certain rulings based on the hypothesis
that the plaintiffs were mortgagees of the goods, and therefore

could not defeat the attachment except by demanding payment, stating in writing and delivering a just and true account of the debt, and waiting ten days, as provided in the Pub. Sts. c. 161, §§ 74, 75. These rulings do not need to be considered separately, unless there was some evidence that the plaintiffs were mortgagees, and the exceptions before us are confined to the refusal of these rulings.

The argument that the plaintiffs were mortgagees must be based wholly upon the construction of the instrument which we have mentioned, under which Stiff received the goods. The only evidence going behind or on one side of it is that which we have mentioned, that the real transaction was a sale to Stiff's father. As to whether the written contract discloses a mortgage from Stiff to the plaintiffs, it purports, it is true, to bind Stiff to make the payments necessary to entitle him to the goods, but it declares that he has borrowed and received those goods, and provides in the most explicit way that the title shall not pass until the whole amount of the stipulated value shall have been paid, and that the plaintiffs also retain the right to the immediate possession. It is impossible by construction of such a contract to turn the transaction between the parties into a sale passing the title to Stiff and a mortgage or pledge back by him. Such a result can be reached only by overturning the instrument, which declares that the title does not pass, and there is no warrant for overturning it. *Blanchard* v. *Cooke*, 144 Mass. 207, 221.

If the plain effect of the English language needs confirmation by authority, it may be mentioned that contracts like the present are recognized as being what they purport to be by statutes. St. 1884, c. 313. Pub. Sts. c. 192, § 13. See also *Carter* v. *Kingman*, 103 Mass. 517. *Benner* v. *Puffer*, 114 Mass. 376. *Chase* v. *Ingalls*, 122 Mass. 381. The case which has gone farthest in another direction contains nothing inconsistent with our decision. *Bailey* v. *Hervey*, 135 Mass. 172. See *McCarthy* v. *Henderson*, 138 Mass. 310, 312.

*Exceptions overruled.*