### FRANK N. WEST *vs.* JOSEPH WHITE.

Suffolk.   January 16, 1896. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Statute — Mortgage — Interest on small Loan.*

Where an action for conversion is brought by the mortgagee against one who has purchased personal property from the mortgagor while the mortgage was in force, interest on the note secured by the mortgage being at the rate of sixty per cent per annum, and the same being for a small loan, such as is provided for in St. 1892, c. 428, the measure of damages is the principal sum borrowed and interest at the rate of eighteen per cent per annum from the time the money was borrowed, together with a small sum for expenses as provided in the statute.

TORT, for the conversion of four buggies mortgaged by one Snow to the plaintiff on November 29, 1892. Trial in the Superior Court, without a jury, before *Richardson,* J., who reported the case for the determination of this court, in substance as follows. The only question was as to the amount of the damages. The defendant purchased the buggies of Snow in the fall of 1893, while the mortgage was in force. This action was begun on June 29, 1894. The note was payable one month after date, with interest at fifteen dollars per month, or sixty per cent per annum. The judge found that the defendant had converted three of the buggies, and that at the time of the conversion their market value was fifty dollars each. It appeared that Snow, the mortgagor, had made to the plaintiff various

payments on account, from December 28, 1892, to August 19, 1893, which were not indorsed on the note. Computing the interest at six per cent for the entire time, the balance due on the mortgage at the time of the rendition of judgment, on June 12, 1895, was $44.19; computing at eighteen per cent per annum there was due $72.57; computing at sixty per cent, there was due more than $150, the value of the three buggies. Neither Snow, the mortgagor, nor the defendant, had at any time paid or tendered the balance of the loan or mortgage debt.

The defendant asked the judge to rule that he was liable only for an amount equal to the balance due on the mortgage with interest at the rate of six per cent per annum; and, secondly, if the judge refused so to rule, that he was liable only for the balance due on the note with interest computed at the rate of eighteen per cent per annum.

The judge declined to make either of the above rulings, and ruled that, as between the plaintiff and this defendant, the interest should be computed at the rate named in the note; but as the amount due on this computation exceeded the value of the three carriages, namely, one hundred and fifty dollars, that the judgment should be for that amount; and the defendant excepted.

If the plaintiff was entitled to recover only the $44.19, being the balance due on the mortgage at the time of the rendition of the finding with interest computed at six per cent, or if the plaintiff was entitled to recover $72.57, being the balance due on the mortgage at the time of the finding with interest computed at the rate of eighteen per cent, then judgment was to be entered for the plaintiff for either said sum of $44.19 or $72.57 as damages, with interest thereon from the date of the finding according as the court should determine the rate of interest. If the court should hold that the interest should be computed at the rate stated in the note, then judgment should be for the amount of one hundred and fifty dollars.

*W. H. Osborne*, for the defendant.

*W. F. Kimball*, for the plaintiff.

ALLEN, J. By St. 1892, c. 428, the plaintiff's loan was dischargeable by the debtor, Snow, upon payment of the principal sum borrowed, and interest at the rate of eighteen per cent per

annum from the time the money was borrowed, together with a small sum for expenses, which need not be considered here. This implies that, in an action by the creditor against the debtor on the loan, judgment should not be rendered for a greater sum ; otherwise the purpose of the statute might be defeated.

Usually in an action for the conversion of personal property the measure of damages is the value of the property; but in this case the plaintiff would be accountable to his debtor, Snow, for any surplus received by him above the amount he was legally entitled to recover, and the defendant, having bought the mortgaged property from Snow, would stand in his place. The damages therefore are measured by the sum which will indemnify the plaintiff. *Chamberlin* v. *Shaw*, 18 Pick. 278, 283. *King* v. *Bangs*, 120 Mass. 514. *White* v. *Allen*, 133 Mass. 423. *Thacher* v. *Moors*, 134 Mass. 156, 168. The judgment should be reduced to $72.57 as damages, with interest thereon at the rate of six per cent from the date of the finding.

*Ordered accordingly.*

