EDGAR I. McKIE *vs.* EDWARD J. GREGORY & another.

Suffolk.   January 10, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Assignment of Legacy as Collateral Security — Promissory Note — Rate of Interest — Request for Instructions — Payment — Tender — Mortgage — Defeasible Assignment of Chose in Action.*

On December 24, 1895, A., having lent B. a sum of money, took his promissory note for $100 payable one year after date, to the order of A. with interest thereon payable monthly at the rate of one and a half per cent per month, and at the same rate after maturity, until paid, and also took, as collateral security, an assignment of B.'s interest in the estate of C. deceased, the assignment providing that if B. should pay to A. $100, "with interest, as provided in a certain note of this date, in one year from this day, then this assignment and said note shall be void, otherwise of full force and effect." A. brought an action on December 27, 1897, upon the assignment against C.'s executor under St. 1897, c. 402, which relates to actions upon assigned claims. Shortly before A. notified the executor that the note and interest were unpaid and the executor paid A.'s attorney $100, and was informed that $34.50 of interest was due. After this B.'s attorney tendered to A. $7. The executor offered to prove that the amount of the loan was $75, and not $100, and that the tender of $7, to-

gether with the $100 paid, equalled the amount of money actually lent, with interest at eighteen per cent per annum, and a sum not exceeding $5 for the expense of making papers. The executor requested rulings, first, that if the jury found in accordance with the offer of proof, the payment and tender would operate as an extinguishment of the debt and a discharge of the assignment and note given as security, and, secondly, that the executor not having been notified of the rate of interest which the note carried, he would be liable for no more than the $100 referred to in the assignment. *Held*, that the first request should have been given, and that the second was rightly refused.

It is not necessary to foreclose an instrument, which is not a mortgage, but a defeasible assignment of a chose in action, which the assignee has a right to collect in case of breach.

CONTRACT, to recover the amount of a legacy assigned to the plaintiff. At the trial in the Superior Court, before *Braley*, J., the jury returned a verdict for the plaintiff in the sum of $34.50, with interest at six per cent since November 16, 1897; and the defendants alleged exceptions, which appear in the opinion.

*F. P. Curran*, for the defendants.

*R. Lund*, (*D. E. Gould* with him,) for the plaintiff.

LATHROP, J. The plaintiff seeks to recover from the executors of the will of Christopher Leonard the amount of a legacy left to Thomas Leonard, the son of the testator. On December 24, 1895, the plaintiff lent to Thomas Leonard a sum of money, and received from him a promissory note by the terms of which he agreed to pay to the order of the plaintiff $100, with interest thereon, payable monthly at the rate of one and a half per cent per month, and at the same rate after maturity, until paid. The plaintiff also received from Leonard, as collateral security, an assignment of all his " right, share and title in and to the estate of said Christopher Leonard, deceased." The assignment contained the following clause: " Provided, nevertheless, that if I shall pay to said McKie the sum of $100 with interest, as provided in a certain note of this date, in one year from this day, then this assignment and said note shall be void, otherwise of full force and effect."

This action is brought upon the assignment, under the St. of 1897, c. 402. The writ is dated December 27, 1897. Shortly before this the plaintiff notified the defendants that the note and interest remained unpaid, and one of the defendants paid the attorney for the plaintiff $100, and was informed by the attorney that there was interest due on the note, amounting to

$34.50. After this interview, an attorney acting for Thomas Leonard tendered to the plaintiff the sum of $7.

The defendants offered to prove that the amount of .the loan made by the plaintiff to Leonard was $75 and not $100, and further offered to prove that the tender of $7, together with the $100 already paid, equalled the amount of money actually lent, with interest thereon at the rate of eighteen per cent per annum, and a sum not exceeding $5 for the expense of making said papers; and the defendants asked the court to rule that if the jury found in accordance with the offer of proof the payment and tender would operate as an extinguishment of the debt and a discharge of the assignment and note given as security for the debt.

The refusal to give this request raises the principal question in the case. We are of the opinion that the request should have been granted. The plaintiff has no interest in the legacy except as collateral security for the debt due to him from Leonard. It was competent for the defendants to show the amount " actually borrowed," to use the language of the St. of 1892, c. 428, § 1; and also to show that this amount with interest at the rate stated in the statute, together with a sum not exceeding $5, was either paid or tendered by Leonard, or by some one authorized by him to act. When Leonard by his attorney tendered the $7, it might well be found that he ratified the act of the defendants in paying the $100, if any ratification of their act was necessary. It would hardly be contended that this action could be maintained, if Leonard personally had paid the plaintiff all that he was entitled to under the statute, even though the payment was not made until after the note matured. If this is so, it seems to us clear that on the evidence and the offer of proof the defendants were entitled to the ruling requested. See *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322; *West* v. *White*, 165 Mass. 258.

The remaining exceptions of the defendants require but a brief consideration. The defendants asked the court to rule that, the assignment being in form a mortgage, the plaintiff could not recover without first having effected a foreclosure " of said mortgage." This ruling the court rightly refused to give. The instrument in question was not a mortgage. *Marsh* v.

*Woodbury,* 1 Met. 436. It was a defeasible assignment of a chose in action, which the plaintiff had a right to collect in case of breach. *Taft* v. *Church,* 162 Mass. 527, 532.

The last exception of the defendants is to the refusal of the court to give the following ruling: "The defendants requested the court to rule that the defendants, not having been notified of the rate of interest which the note given by said Thomas Leonard carried, they would be liable for no more than the $100 referred to in the assignment."

The defendants had notice of the assignment, and this showed that it was given as security for a note with interest, and, although the rate was not stated, the notice was sufficient to require the defendants to ascertain the rate.

*Exceptions sustained.*