JOSEPH J. CLEMENTS V. CHARLES F. EISELEY ET AL.

FILED JANUARY 22, 1902. No. 11,005.

1. **Issue: FACTS: PLEADING: ERROR: ASSIGNMENT.** Facts not put in issue by the pleadings form no basis for an assignment of error on the ground of the insufficiency of the evidence to sustain a finding as to the existence of such facts.

2. **Conversion: ANSWER: JUSTIFICATION: DISTRESS WARRANT.** Where, in an action for conversion, the answer admitted that the plaintiff was the owner and in possession of the property alleged to have been converted, and defendant sought to justify the seizure under a distress or tax warrant issued for delinquent personal taxes due from the plaintiff by the county treasurer, it is not available to defendant after trial to plead as error that the evidence was insufficient to show that the plaintiff was the owner and in possession of such property at the time of the alleged conversion, and was entitled to maintain such action.

3. **Distress Warrant: GOOD FAITH: TRESPASS: CONVERSION: DAMAGES.** Where property has been taken in good faith, under a distress warrant for delinquent taxes, and sold and disposed of in such manner as to make the person acting under such warrant a trespasser, in a suit for conversion the measure of damage is the actual fair market value of the property converted, at the time of conversion, less the amount of the proceeds of the sale applied in satisfaction of the taxes owing by the plaintiff.

4. **Review.** Sustaining objections by trial court to certain questions asked of a witness on cross-examination, *held* without error.

ERROR from the district court for Madison county. Tried below before ROBINSON, J. *Affirmed upon filing of remittitur.*

*John B. Barnes, Mark D. Tyler, William V. Allen* and *Willis E. Reed,* for plaintiff in error.

*Harrison C. Brome* and *A. H. Burnett, contra.*

HOLCOMB, J.

From a judgment adverse to him, the defendant Clements brings this cause here for review by proceedings in error. The plaintiff, Eiseley (now one of the defendants in error), was the owner of a general stock of hardware and was doing business in Norfolk, Madison county. It appears from the record that he became embarrassed, and as a consequence his stock of goods was levied upon by the sheriff of the county, who is the plaintiff in error, under and by virtue of certain executions placed in his hands, and also a writ of attachment, all in favor of different creditors of Eiseley. To avoid a forced sale of his goods under these several writs, Eiseley executed in form an unconditional bill of sale of his stock of goods to the defendants Powers and Hays, who were the attorneys of the several creditors who had acquired liens on the property by the several levies in the manner stated, in which instrument it was provided that the goods were sold subject to the payment of certain accounts, notes and judgments in amounts therein stated, which were owing to the respective parties levying the different writs mentioned. The writs were then recalled and the levies released, and Powers and Hays acquired the possession of the goods under the written instrument referred to, and began to sell the same at private sale, for the purpose of satisfying the several demands to secure the payment of which the bill of sale had been executed by the owner of the stock of goods. After remaining

thus in possession for a few days and selling a small portion of the goods, realizing some $130 therefor, the plaintiff in error again seized the goods under and by virtue of an alleged tax or distress warrant for personal taxes owing by Eiseley. Powers and Hays submitted to the seizure by the sheriff, and thereby lost their possession for the purposes for which the property had been turned over to them, and the sheriff, plaintiff in error, after holding possession for a considerable period of time, proceeded to advertise and sell the property for delinquent taxes under his distress warrants, and by virtue of which the goods had been seized by him. After the property had been so disposed of, the plaintiff in the lower court began an action against Powers and Hays, the Norfolk National Bank, an attaching creditor, under the levies first made, and the plaintiff in error, Clements, for conversion, claiming to have sustained damages in the sum of $3,000 for which judgment was prayed. The plaintiff alleged in his petition his ownership of the property; the giving of the bill of sale heretofore mentioned; the purpose thereof, and the object to be accomplished thereby; and that, after defendants had acquired possession of the property thereunder, they had wrongfully and unlawfully converted the same to their own use and had not sold the stock of goods at retail, and applied the proceeds nor any part thereof to the payment of the obligations of the plaintiff, as they had agreed to at the time of the execution of the bill of sale and the delivery of the possession of the property thereunder. The answers of Powers and Hays and the bank were substantially an admission of the facts pleaded by the plaintiff, save the alleged conversion, which was denied, it being alleged that, before the sale of the goods could be effectuated in the manner agreed upon, the property was seized by the sheriff under and by virtue of the distress warrants for delinquent taxes held by him, and the possession wrested from them, and that the sheriff had sold and disposed of the property in satisfaction of the sum due on such warrants. Under the pleadings and the evidence, the court, by a peremptory in-

struction, directed a verdict for the defendants above men-
tioned, and we are not asked to review the proceedings in
so far as the judgment affects them.

The defendant Clements, who is now complaining of the
judgment rendered against him, filed an answer to the peti-
tion of the plaintiff, in which it is alleged that he was the
duly qualified sheriff of Madison county; that there was
placed in his hands as such sheriff a warrant issued by the
county treasurer commanding him to collect out of the
property of the plaintiff the unpaid personal taxes assessed
against him for the different years therein mentioned; that
in executing the warrant he levied upon a certain stock of
hardware, and after duly advertising the same sold the
property at public auction to the highest and best bidder
for the sum of $210 to satisfy said tax then delinquent and
unpaid, and returned to said county treasurer said war-
rant with the money collected on same; that the property
so levied upon and sold was owned by and in possession of
the plaintiff, and subject to levy and sale to satisfy said
tax; that it is the same property mentioned in plaintiff's
petition; and denies that the property was converted by the
answering defendant; and denies each and every other al-
legation of the petition not admitted. There is also an
allegation in regard to a prior suit pending which need not
here be noticed. The reply is a general denial. After trial
the court gave a peremptory instruction directing the jury
to return a verdict in favor of the plaintiff, and against the
defendant Clements, for the value which they should find
the property taken to be under the evidence, for which, with
interest from the date of the conversion, should be the
amount of plaintiff's recovery.

It is now urged that the court erred in directing a ver-
dict for plaintiff, because the evidence fails to show that
Eiseley had such ownership in the property and right of
possession thereto as to entitle him to maintain the action,
and the bill of sale executed by him, under which the other
defendant acquired possession, is relied on to establish this
contention. As we view the pleadings and the evidence, no

such issue was raised between the party now complaining and the plaintiff. By the pleadings it is admitted that the plaintiff was the owner and entitled to the possession of the goods, and that the same were seized by virtue of the tax warrants in defendant's hands, and sold to satisfy the amount due thereon. It is, in effect, an admission of the plaintiff's alleged ownership and right of possession, and a plea of justification under the writ held by the defendant, and the issue tendered is whether the sheriff was authorized under the writ he held to seize and sell the property in the manner and by the method pursued by him.

It is conceded, we take it from what is presented to us for consideration, that because of the irregular and unauthorized manner in which the defendant proceeded, he became a trespasser *ab initio,* and the plea now interposed that the plaintiff has no such interest in the property as will permit him to maintain the action, can not, under the issues, be made available to the defendant. Unless the defendant can justify under the writ, as he has attempted to do, the plaintiff's right to maintain his action and recover whatever damages he may prove, we think is clearly established, and must be conceded under any well recognized rule of procedure.

It is next argued that the court erred in not allowing the defendant as a credit, or in mitigation of damages, the amount which he had received at the sale of the property, and turned over to the county treasurer, and applied, in so far as it would extend, to the payment of the delinquent personal taxes due from, and owing by, the plaintiff. The proof shows that out of the proceeds of the sale of the property sold by the sheriff, acting under the distress warrant, $179 was paid to the county treasurer, and applied in satisfaction of plaintiff's delinquent taxes. There is no controversy but that the taxes thus satisfied were a valid obligation against the plaintiff, nor is it to be doubted that the property which it is claimed was converted by the sheriff was subject to seizure for the delinquent taxes due from the plaintiff, which under the statute were a specific lien

thereon. Neither is there any contention but that the taking by the defendant as sheriff was in the first instance lawful, and done in good faith, in pursuance of a valid distress or tax warrant. He became a wrong-doer by the method adopted after the levy by virtue of the writ he then held, for which he became liable as a trespasser. While the general rule is that the measure of damage is the fair market value of the property at the date of the conversion, with interest at the legal rate, the rule is not without its exceptions, as when the property has been returned, or the plaintiff has received the proceeds thereof, and in this case we think the general rule should give way to the exception, and the defendant be permitted to prove, in mitigation of damages, not as a set-off or counter-claim, the application of the proceeds of the sale of the property, so far as was done for the benefit of the plaintiff, and in satisfaction of the lawful demands existing against him for delinquent personal taxes, duly levied and assessed. In a case quite analogous to the one at bar, it is held by the supreme court of Massachusetts that the "measure of damages in such a case is the value of the property less the amount applied to the owner's tax." *Pierce v. Benjamin,* 25 Am. Dec., 396. Says the author: "Wherever the property is returned, and received by the plaintiff, the rule does not apply. And when the property itself has been sold, and the proceeds applied to the payment of the plaintiff's debt, or otherwise to his use, the reason of the rule ceases, and justice forbids its application. In all such cases the facts may be shown in mitigation of damages. These principles are supported by many adjudications, and are founded in equity and practical convenience: *Wheelock v. Wheelwright,* 5 Mass., 104; *Caldwell v. Eaton,* 5 Mass., 399; *Prescott v. Wright,* 6 Mass., 20; *Squire v. Hollenbeck,* 9 Pick. [Mass.], 551, 20 Am. Dec., 506; *Sheldon v. Sheldon,* 13 Johns. [N. Y.], 220." See also the following: *King v. Bangs,* 120 Mass., 514, and *Merchants' Nat. Bank v. Bangs,* 102 Mass., 291. In principle, this court has heretofore adopted and recognized the same exception to the rule.

*Watson v. Coburn,* 35 Nebr., 492, is a case where it is held the measure of damages is the market value of the property, with interest, less the proceeds of which the plaintiff has had the benefit. The rule was reaffirmed in the same case on rehearing, 48 Nebr., 257. Of the same general tenor are *Doolittle v. McCullough,* 7 Ohio St., 299; *Stewart v. Martin,* 16 Vt., 397; *Howard v. Cooper,* 45 N. H., 339. There being no controversy as to the amount paid by the sheriff out of the proceeds of the property in satisfaction of plaintiff's taxes, the damages should have been reduced that sum, and the jury instructed accordingly.

It is also contended that the court erred in sustaining objections interposed to certain questions on cross-examination, propounded to one Clyde Eiseley, who had testified as to the value of the property alleged to have been converted by the defendant to his own use. By these questions it was sought to be shown that the witness had authorized a party to bid for him on the property, when sold by the sheriff, a sum not exceeding $200, while his testimony as to the value of the property was largely in excess of that sum. We do not think the court committed prejudicial error in sustaining the objections to this line of questions on cross-examination. The mere fact that he had authorized some one to bid for him a sum for the property not exceeding $200 would not, of itself, discredit his evidence as to its actual market value. The authority, if given, would not be in the nature of an expression or statement by him of its value. Many considerations may have entered into the question which, conceding such to be the case, caused him to limit a bid on the property to the sum named. It was not error to exclude the proffered evidence.

The judgment of the district court is affirmed, conditioned upon the plaintiff filing a remittitur in the sum of $179, and all interest accruing thereon from the date of its payment to the county treasurer; otherwise, it is reversed and remanded.

JUDGMENT ACCORDINGLY.