BARNET FREEDMAN *vs.* HYMAN BLOOMBERG & another.

Suffolk.   November 15, 1916. — January 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Assignment,* Of a lease.   *Mortgage.   Real or Personal Property.   Chattel Real. Landlord and Tenant.   Words,* "Personal property."

If the lessee of real estate for a term of five years with an option of renewal for five years more makes a conditional assignment of it to secure the payment of a debt, such an assignment is not a mortgage of personal property within the meaning of R. L. c. 198, § 1, and it does not need to be recorded on the records of the city or town where the mortgagee resides and where he does business in order to make it valid as to persons other than the parties thereto.

*Whether,* in order to make such an assignment valid as to persons not parties to it, it is necessary to record the assignment in the registry of deeds of the district where the real estate subject to the lease is situated, was not decided.

BILL IN EQUITY, filed in the Superior Court on March 24, 1916, in which the plaintiff alleged that he had taken possession of a building in Brockton in accordance with the provisions of a conditional assignment of a lease thereof by the lessee, the defendant Bloomberg, by reason of Bloomberg's default in payment of a debt to secure which the assignment was given, and that the defendants were threatening to prevent the subtenants of the building from paying rent to the plaintiff. The prayers were for injunctions restraining the defendants from interfering with the payment of rents to the plaintiff.

In the Superior Court the suit was heard by *Fox,* J. The material facts found by him are stated in the opinion. Upon his order a final decree was entered establishing the plaintiff's rights and granting the injunctions prayed for. The defendants appealed.

*E. Greenhood,* for the defendants.

*F. L. Simpson,* (*R. F. Albert* with him,) for the plaintiff.

DE COURCY, J.   The trial judge found the following facts: The defendant Bloomberg was the lessee of a building in Brockton under a written lease given in 1911 for a term of five years with an option to renew it for five years more, and the lease was duly recorded with Plymouth County deeds. In January, 1915, Bloomberg, who was in possession of the premises and had sublet portions

of it, borrowed $10,000 from the plaintiff, and as security therefor gave to him an assignment of the lease in the usual form of a mortgage, and this assignment or mortgage was deposited with the register of deeds for Plymouth County and extended on his records. It was not recorded with the city clerk of Brockton or of Boston. This loan transaction was consummated, so far as the plaintiff is concerned, in good faith and not in fraud of Bloomberg's creditors. In February or the first part of March, 1916, the plaintiff entered upon the premises in consequence of Bloomberg's default under the security agreement and notified the tenants to pay rent to him. Early in March, 1916, the defendant G. P. Crafts Shoe Company, a judgment creditor of Bloomberg, began the levy of an execution on his leasehold interest; and both defendants have caused, and threatened to cause, the tenants not to pay rent to the plaintiff. The contention of the defendants is that the assignment to the plaintiff is a mortgage of personal property within the provisions of R. L. c. 198, § 1; and that it is not valid against the levying creditor because it was not recorded with the city clerk. This presents the only question raised by the appeal.

As against the defendant Bloomberg, the security agreement plainly is good. Leasehold estates may be mortgaged by assignment of the term to the mortgagee, subject to a proviso for reassignment on payment of the money advanced. In view of the terms and provisions of the security agreement in question, it may be regarded as a mortgage for the purposes of this case. See *Williams* v. *Bosanquet,* 1 Brod. & Bing. 238; *Breese* v. *Bangs,* 2 E. D. Smith, 474. The controlling question is whether it is a mortgage of "personal property" within the meaning of R. L. c. 198, § 1.

The original of that statute is St. 1832, c. 157, which was entitled "An Act to prevent fraud in the transfer of personal property." That statute provided "no mortgage of personal property, hereafter made, shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to, and retained by the mortgagee, or unless the said mortgage be recorded," etc. This was re-enacted as Rev. Sts. c. 74, § 5. In *Marsch* v. *Woodbury,* 1 Met. 436, where it was contended that a defeasible assignment of a legacy was a mortgage of personal property within the provisions of this statute, it was said by

Shaw, C. J.: "The court are of opinion, that the language of the statute, taken with the context and subject matter, applies only to goods and chattels capable of delivery, and not to the defeasible or conditional assignment of the chose in action." To the same effect see *McKie* v. *Gregory,* 175 Mass. 505; *Nashua Savings Bank* v. *Abbott,* 181 Mass. 531. We find no change in the subsequent re-enactments of the statute to indicate that the Legislature intended to embrace in the term "personal property" anything which cannot be delivered to or retained by the mortgagee. And this view is re-inforced by the provisions of § 2 exempting a mortgage of a ship or vessel and goods at sea or abroad.

The contention of the defendants that at common law a term for years is "personal property," is not accurate. It is true that originally a term for years was regarded as a chattel interest in real estate, and that only freeholds were included in "realty" as being the only things specifically recoverable in the King's Court. But those interests in lands which were reckoned as chattels were distinguished by the name of chattels real because they concerned realty; while the name of chattels personal was given to movable goods "because for the most part they belong to the person of a man, or else for that they are to be recovered by personal actions." See Williams on Real Property (22d ed.) 25 *et seq.* It is unnecessary to trace the changes that later occurred in describing property as consisting of real and personal estate instead of by the old terms, lands, tenements and hereditaments, and goods and chattels; or to consider whether the Legislature had these distinctions in mind. It seems obvious from the consideration of this and other registration statutes at least, that when providing that chattels real, like leases of real estate, should be recorded, it was intended that they should be recorded in the registry of deeds. See R. L. c. 127, § 4, providing for the recording of a lease for more than seven years. And compare R. L. c. 129, § 1, and c. 167, § 59.

Without deciding whether it was necessary for the plaintiff to record his mortgage in the registry of deeds, we are of opinion that it was not a mortgage of personal property within the provisions of R. L. c. 198, § 1, and that it is valid against the defendants. It follows that the entry must be

*Decree affirmed with costs.*