WORCESTER MORRIS PLAN COMPANY *vs.* JUDSON C. MADER.

Worcester.  September 27, 1920. — November 22, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Mortgage,* Of personal property: recording.  *Sale,* Conditional.

In an action of replevin the following facts appeared: The owner of a motor truck delivered it under an agreement in writing to one who gave therefor several notes for instalments of the purchase price, payable at stated intervals, it being agreed that the title to the truck should remain in the vendor until all the notes were paid. At a time when all notes then due had been paid by the vendee but some of the notes were not due, the vendor borrowed from the plaintiff an amount equal to what still was due on the notes, gave therefor his note, payable in instalments, and delivered to the plaintiff the notes and the agreement of conditional sale, indorsing upon it over his signature the statement, "For value received I hereby assign to the . . . [plaintiff] . . . the within lease and claim and my interest in the property therein described." The assignment never was recorded. The vendee, after having paid several of his instalment notes to the plaintiff, died and thereafter the vendor, without the plaintiff's knowledge, gave a bill of sale of the truck to the defendant and delivered it to him. Default thereafter having been made in payments both of

the vendee's notes and of instalments due on the vendor's note to the plaintiff, the plaintiff demanded possession of the truck, and, possession being refused, brought the writ of replevin. *Held,* that

(1) Under the conditional bill of sale the general ownership of the truck remained in the vendor, who could sell or mortgage his interest therein;

(2) The assignment to the plaintiff by the vendor, being given as security for the payment of a debt, was subject to the provisions of St. 1915, c. 226, and, not having been recorded, was not valid against the defendant;

(3) Judgment must be entered for the defendant.

REPLEVIN of "one Republic Automobile Truck No. 3394 Model 'A.'" Writ dated April 21, 1919.

In the Superior Court the action was heard by *Lawton,* J., without a jury, upon a case stated. Material facts therein agreed upon are described in the opinion. At the request of the parties, the judge reported the case to this court for determination upon the case stated, judgment to be entered for the plaintiff for one dollar and costs if the plaintiff was entitled to recover, and, if he was not entitled to recover, judgment to be entered "for the defendant with costs and an order for the return of the truck."

St. 1915, c. 226, reads as follows: "Mortgages of personal property shall, within fifteen days from the date written in the mortgage, be recorded on the records of the city or town in which the mortgagor resides when the mortgage is made, and on the records of the city or town in which he then principally transacts his business or follows his trade or calling. If the mortgagor resides out of the Commonwealth and the property mortgaged is within the Commonwealth when the mortgage is made, the mortgage shall be recorded on the records of the city or town in which the property then is. If a record in two different places is required and the mortgage is recorded in one within said fifteen days, it may be recorded in the other within ten days after the date of the first record. The mortgage shall not be valid against a person other than the parties thereto until it has been so recorded; and a record made subsequently to the time limited shall be void. The provisions of this section shall apply to bills of sale given for security. If the condition for redemption of the property included in such bill of sale is in writing, it shall be recorded with and as a part of the bill of sale; if the condition for redemption is oral, a written statement of such condition signed by the mortgagee shall be so recorded."

*C. M. Thayer, F. C. Smith, Jr. & G. A. Gaskill,* for the plaintiff, submitted a brief.

*R. B. Dodge,* for the defendant.

CROSBY, J.   This is an action of replevin brought to recover an auto truck, and is before us on a report of a judge of the Superior Court upon a case stated.

The material facts are that on March 6, 1918, one Wise, the owner of the truck, delivered it to one Travers under an agreement in writing, by which the title remained in Wise until all the notes given by Travers for the purchase price under the agreement were fully paid. On August 30, 1918, all notes then due having been paid, and there remaining a balance of $1,425, Wise gave to the plaintiff a promissory note for that amount, payable by instalments, and at the same time assigned to the plaintiff as collateral security therefor all the Travers notes then remaining unpaid, together with the conditional sale agreement. The indorsement on the back of the agreement was as follows: "For value received I hereby assign to the Worcester Morris Plan Company the within lease and claim and my interest in the property therein described. Charles W. Wise." The assignment was not recorded.

From August 30, 1918, to and including January 6, 1919, all the Travers notes maturing during that period were paid by him to the plaintiff at maturity and were applied toward the payment of instalments due upon Wise's note of $1,425 to the plaintiff, and the balances of instalments due to the plaintiff on Wise's note were paid by Wise. The payments due on the Travers notes and on the Wise note on February 6, March 6, April 6, and May 6, 1919, had not been paid at the date of the plaintiff's writ and have not since been paid. Travers died in January, 1919; and afterwards Wise, without the knowledge of the plaintiff, gave a bill of sale of the truck to the defendant and delivered it to him. Default having been made in the notes held by the plaintiff, demand was made for payment, and as payment was not made, the plaintiff demanded possession of the truck, which was refused. The only question is, whether the assignment from Wise to the plaintiff should have been recorded in accordance with the provisions of R. L. c. 198, § 1, as amended by St. 1915, c. 226.

It has long been settled in this Commonwealth that a sale and

delivery of chattels on condition that the property is not to vest until the purchase price is paid does not pass title to the vendee. *Coggill* v. *Hartford & New Haven Railroad,* 3 Gray, 545. *Sargent* v. *Metcalf,* 5 Gray, 306. *Blanchard* v. *Child,* 7 Gray, 155. *Deshon* v. *Bigelow,* 8 Gray, 159. *Nichols* v. *Ashton,* 155 Mass. 205.

The conditional sale to Travers vested in him a special property in the truck which he could sell or mortgage. *Hurnanen* v. *Nicksa,* 228 Mass. 346, 350. Yet the general ownership and title remained in Wise, and was subject to be defeated only by the performance by Travers of his agreement. After the conditional sale to Travers, Wise continued to be the general owner of the truck and could sell or mortgage his interest therein. *Appleton* v. *Bancroft,* 10 Met. 231.

The assignment from Wise to the plaintiff transferred all his "interest in the property" described in the agreement of conditional sale: it transferred the legal title to the truck, subject to the right of redemption by Travers. It was in effect a bill of sale, and as it was given as security for the payment of a debt it constituted a mortgage. *Taber* v. *Hamlin,* 97 Mass. 489. It is a bill of sale as those words are used in St. 1915, c. 226, and as it was not recorded as provided by the statute, it was not valid as against the defendant.

The case of *Marsh* v. *Woodbury,* 1 Met. 436, related to a conditional assignment of a chose in action, and is not applicable to a specific article of personal property which is susceptible of delivery, although delivery cannot be made because it is in the possession of a third person, under an agreement, lien or pledge.

In accordance with the terms of the report, judgment must be entered "for the defendant with costs and an order for the return of the truck."

*So ordered.*