LYNN MORRIS PLAN COMPANY *vs.* LOUIS N. GORDON.

Essex.    November 20, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Assignment,* Of contract of conditional sale. *Conversion. Contract,* Validity, Assignment. *Sale,* Conditional.

The vendor of an automobile in 1920 delivered possession of it to a vendee subject to a contract of conditional sale which left title in the vendor until the conditions of the contract were fully performed, including payment by the vendee of an instalment note for a part of the purchase price. The vendor for a consideration at once transferred and assigned all of his rights under the contract of conditional sale and the note to a third person. This transfer was not recorded. The vendee afterwards returned the automobile to the vendor, who resold it. The transferee of the rights under the contract then brought an action for conversion of the automobile against the new vendee. *Held,* that

(1) The original vendor had no title nor right to possession in the automobile after the assignment and transfer to the plaintiff of his rights under the contract of conditional sale, and at all times thereafter stood no better than a stranger to the transaction;

(2) The original vendee had no title superior to the plaintiff;

(3) The defendant acquired no greater title than his vendor was able to convey;

(4) The transfer of the title by the original vendor to the plaintiff with the assignment of the contract of conditional sale not being by way of security or mortgage, St. 1915, c. 226, did not require that it be recorded.

TORT for conversion of an automobile. Writ dated June 15, 1922.

In the Superior Court, the action was heard by *Dubuque,* J., without a jury, upon an agreed statement of facts. Beside the facts described in the opinion, it appeared that the original vendor of the automobile was Mayville Motor Company, that the contract of conditional sale or "lease" given by that company to Therrien, the note given by Therrien to that company, and the assignment by that company to the plaintiff all were dated April 1, 1920; that the note was payable at the plaintiff's office; and that the assignment by that company to the plaintiff transferred all the

company's "right, title and interest in and to the within contract and the property set forth therein, and to the notes mentioned therein."

The judge found for the plaintiff in the sum of $1,216.02. The defendant appealed "from the finding."

*A. Glovsky*, for the defendant.

*H. E. Miller*, for the plaintiff.

Rugg, C.J.   This is an action of tort for the conversion of an automobile.   On April 1, 1920, the owner of the automobile entered into a written agreement with one Therrien for its conditional sale.   By the terms of that agreement the title remained in the seller and would not pass to Therrien until the entire purchase price had been paid.   At the same time Therrien paid $800 in cash and executed and delivered to the seller a promissory note to the order of the seller, payable in monthly instalments, for $1,470, the balance due on the purchase price.   Thereupon Therrien was entitled to and took possession of the automobile.   Shortly after, the seller, for the sum of $1,352.40, transferred the note by indorsement, waiving demand and notice, and all rights under the agreement to the plaintiff.   This transfer of the agreement was not recorded.   Subsequently, Therrien returned the automobile to the seller, who sold it to the defendant.   The question is whether the plaintiff, default having been made in the payments due on the note and under the agreement, can maintain this action.

When and after the seller transferred his agreement for sale and indorsed the note to the plaintiff, he had no title or interest whatsoever in the automobile.   He possessed no evidence of title or interest.   If the question arose between the plaintiff and a creditor or one standing in the shoes of a creditor of the seller, the plaintiff would have been unable to maintain its rights without giving notice to Therrien, so that he would become bailee of the automobile for the plaintiff instead of the seller.   *Mann* v. *Huston*, 1 Gray, 250. *Hallgarten* v. *Oldham*, 135 Mass. 1, 9, 10.   *Clark* v. *Williams*, 190 Mass. 219.   *Duffy* v. *Charak*, 236 U. S. 97.   But that is not the situation.   The seller retained no title or interest. Therrien had no title or interest superior to that of the plain-

tiff. Whatever rights he had were subject to the plaintiff's title. His wrongful conduct in conjunction with the wrongful conduct of the original seller cannot defeat the title of the plaintiff. The seller stood no better than a stranger to the transaction. The defendant acquired no greater title than his vendor was able to convey. He was in no position to dispute the title of the plaintiff. *Royle* v. *Worcester Buick Co.* 243 Mass. 143.

The transfer of the automobile by the seller to the plaintiff was not by way of security or mortgage. It was an absolute sale. It was not requisite that the instrument of transfer, which was in effect a bill of sale, be recorded under St. 1915, c. 226, in force at the time of this transaction. See now St. 1921, c. 233, amending G. L. c. 255, § 1. The case at bar is in this particular distinguishable from *Worcester Morris Plan Co.* v. *Mader,* 236 Mass. 435.

*Order for judgment affirmed.*