Bolster, C. J.
This action is for conversion of an automobile which one Newhall, on May 29*, 1937, bought on conditional sale contract from the Hinchcliffe Motor Company. That company, on the same day, transferred its interest in the contract and the automobile to the Essex County Acceptance Corporation. On July 9, 1937 Newhall assigned to the defendant another conditional sale contract, in which he was named as vendor and his wife as vendee, and *398 her note to him, his assignment covering “all right, title and interest in the property therein described”. The defendant paid Newhall $495 by a draft which he gave to the Hinchdiffe concern. It knew the new conditional vendee was Newhall’s wife. On August 4, 1937 Newhall borrowed $300 of the plaintiff, and gave it a chattel mortgage of the car, duly recorded. The Essex County Acceptance Corporation on August 4 discharged its claim, on payment to it of $403 of which Newhall supplied $103 and the plaintiff the remainder. After the claims held by both parties were in default as to payment, the defendant took possession of the automobile, refused to deliver it to the plaintiff on demand, and sold it for $300. There was evidence from which it could be found that it was worth more, and it was so found. The judge found for the plaintiff in the sum of $450.
The report raises two questions, had the plaintiff the better right to possession, and, was recovery limited to the plaintiff’s interest? As to the latter question, as between strangers the general rule is that the damages in trover . are to represent the full market value of the article converted, and if the plaintiff receives more than his own interest therein, he is accountable over for the excess. But is this an action between strangers, or, to put it differently, to whom will the plaintiff be answerable over? Not to Newhall, for he has transferred to the defendant all his right, whatever its source, and we do not think that after his fraud, he could base any right on his contribution to the fund which discharged the original purchase lien to the prejudice of the defendant who dealt with him as owner. Justice to the plaintiff demands only that it be made whole. It has no right to make a profit by the action. As to the excess, the plaintiff holds the right of recovery *399 subject to all the infirmities of title of its mortgagor. The limitation of recovery under such conditions finds ample support in the authorities. Chamberlin v. Shaw, 18 Pick. 278; King v. Bangs, 120 Mass. 514; White v. Allen, 133 Mass. 423; West v. White, 165 Mass. 258.
Before the passage of Stat. 1921, Oh. 233, the defendant’s failure to record its assignment or to take possession would have defeated its claim of priority over the plaintiff. Worcester Morris Plan Co. v. Mader, 236 Mass. 435 (1920). The statute of 1921 provided that the requirement of record should not apply “to assignments which transfer the title of a lessor or conditional vendor to a lease or other instrument containing a conditional sale agreement and to the personal property therein described.” In Hartford Accident & Indem. Co. v. Callahan, 271 Mass. 556 (1930) a general owner gave to the plaintiff as security what purported to be an assignment of a conditional sale contract and note, which assignment covered all of the assignor’s interest in the property and “all rights and remedies under said contract. ’ ’ The contract was in fact fictitious, therefore legally void, as the court held. The assignment in the case at bar is of a contract equally void, because made between husband and wife. And the defendant knew it. The defendant, appreciating that fact, relies on the clause of its assignment which transfers “all right, title and interest in and to the property therein described.” But an equivalent phrase was in the assignment in the case last cited. The only difference between the two cases is that in the case cited the supposed assignor had full title and here he had only a qualified title as conditional vendee though he assumed to be a full owner. That is a distinction without a difference. He had a title which he had power to transfer, outright or in mortgage, and, despite the defendant’s attempt to make itself resemble a purchaser, it got only a re *400 deemable “encumbrance.” The defendant relies on Lynn Morris Plan Co. v. Gordon, 251 Mass. 323, but it was there agreed that the purchase was outright, not as security. An outright buyer does not exact, as here, a “Certificate of Title” showing encumbrance in favor of C. I. T. Corporation.
If anyone can gain by the fact that a superior title was outstanding under the sale by Hinchcliffe Motors, it is not the defendant but the plaintiff, which, to the extent to which recovery is now allowed, supplied the money to extinguish the jus tertii.
We think decision here, as to liability, is controlled by the case of Hartford Accident & Indem. Co. v. Callahan, supra. It decides that to meet the requirements of the 1921 act, and relieve from recording, there must be a genuine and valid contract assigned. cf. Tripp v. Nat. Shawmut Bank, 263 Mass. 505.
New trial ordered on assessment of damages only.