*Southern Division*

**HALL BUICK & PONTIAC, INC.**
**v.**
**BROMLEY AUTO SALES, INC.**

*Present:* Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Murphy, J.,* in the Second District Court of Barnstable. No. 11091.

*Cox, J.* This is an action of replevin to recover possession of a 1957 jeep station wagon. There was a finding for the defendant. The case was reported because the plaintiff claims to be aggrieved by the denial of its seven requests for rulings which the judge denied as not being in accord with his findings. The requested rulings appear in the margin.

The jeep was registered in the name of James T. Harrington, an employee of the plaintiff and conditional vendee of the jeep. *There was evidence that* on June 8, 1959 the plaintiff took an assignment of the conditional sale contract relating to the same jeep from Glens Falls National Bank of New York, and that afterwards the jeep was financed by the plaintiff through a local bank, which the judge found to be the present holder of the conditional sale contract.

On August 9, 1960 a deputy sheriff by virtue of an execution in favor of the defendant Harrington levied on the jeep which

was then in the plaintiff's place of business in the Town of Orleans. The defendant became the purchaser of the jeep at the sheriff's sale and immediately thereafter this action of replevin was commenced. The plaintiff posted a bond in the penal sum of $2000. and has possession of the jeep.

The plaintiff bases its claim to the jeep on two grounds: First, that it had a lien on it for labor and materials for the payment of which it was entitled before possession could be taken from it. This claim of lien was waived at the hearing before this Division and the waiver applies to plaintiff's requests numbered 2, 3 and 5, relating to the claim of lien. On the second ground the plaintiff claims title and right to possession of the jeep notwithstanding the assignment to the local bank.

It is settled that "A plaintiff in replevin, like plaintiffs in other actions, must maintain his case on the strength of his own title or claim. It is immaterial whether the defendant has or has not title, if the plaintiff fails to show any in himself.

When the plaintiff so fails, the possession of the replevied property as a general rule ought to be restored to the defendant, who, if he be not the true owner, will be answerable for it to such owner." *Johnson v. Neale,* 6 Allen 227, 229. *Davis v. Smith-Springfield Body Corp.,* 250 Mass. 278. *Dapson v. Daly,* 257 Mass. 195. See also: *McGeever v. American National Red Cross,*

*Beverly Chapter,* 330 Mass. 239, 241, 242. It is the plaintiff's burden to prove its title and a right to immediate possession of the jeep. *Jeffery v. M. W. Leahy & Co.,* 258 Mass. 548, 549. It becomes necessary, therefore, to determine whether the plaintiff has proved its title and a right to immediate possession. We proceed to do this notwithstanding none of the plaintiff's requests for rulings directly raises the point.

The plaintiff's arguments takes the line that although there was no filing anywhere, including New York, relating to the plaintiff's or the bank's security interests that none was required under the Uniform Commercial Code — Secured Transactions. We do not reach that point, for in our opinion the plaintiff's case falls for another reason, lack of title.

 By its assignment the plaintiff transferred its title and interest in the jeep to the bank subject to the right of redemption by Harrington, so that it lacked the title necessary for it to maintain its right of replevin. *Lynn Morris Plan Co. v. Gordon,* 251 Mass. 323. *Worcester Morris Plan Co. v. Mader,* 236 Mass. 435. It does not appear that the plaintiff brought this action with the bank's consent. See *Day v. Whitney,* 1 Pick. 502, 503. Neither does it appear that the bank brought this action in the plaintiff's name.

 It was the plaintiff's treasurer who testified that the plaintiff on June 8, 1959 took the assignment of the conditional sale contract from Glens Falls National Bank

which it later assigned to the local bank, but the only conditional sale contract adduced in evidence which related to this jeep was between Harrington and Glens Falls National Bank which contract was dated October 6, 1959, about four months after the plaintiff's treasurer testified the plaintiff claims to have taken the assignment, and the only written evidence of an assignment to the plaintiff was an assignment of that contract by Glens Falls National Bank to the plaintiff under date of October 14, 1960 about one and one half months after this action of replevin was commenced, by writ dated August 26, 1960, and three days before the trial on October 7, 1960.

It is thus apparent that either of two findings, conclusive against the plaintiff, was permissible. 1, that when this action was commenced on August 26, 1960 the plaintiff had no title whatever to the jeep, or 2, that when this action of replevin was commenced the plaintiff had previously assigned its security interest to a local bank for whose benefit and with whose consent it does not appear the action was brought. In either case the plaintiff lacked the title necessary for it to maintain this action and justifies the general finding for the defendant. The denial of the plaintiff's requests numbers 1, 4, 6 and 7 was therefore without prejudice to the plaintiff.

It becomes unnecessary to consider what effect, if any, the failure of Glens Falls National Bank, the plaintiff, or the local bank to file a financing statement had upon the levy

and later sale by the deputy sheriff to the defendant, under the provisions of the Uniform Commercial Code — Secured Transactions, the trial judge having found that neither the plaintiff nor the bank had perfected its security interest. See: G. L. c. 106, §9-302 (a), (d). *Bancroft Steel Co. Inc. v. Kuniholm Mfg. Co.,* 301 Mass. 91, 95 and cases there cited. *Worcester Morris Plan Co. v. Mader,* 236 Mass. 435-438. *Nichols v. Ashton,* 155 Mass. 205, 206.

It also becomes unnecessary to consider whether the general finding for the defendant gathers further support from the evidence that when the deputy sheriff levied on the jeep the plaintiff's treasurer told him to "take the damn car" and delayed bringing this action until moments after the sheriff's sale to the defendant, the question being whether that evidence constituted a waiver by the plaintiff of its claim of right to the jeep and raised an estoppel against it to assert the title necessary to this action. See: *Danno v. Standard Acceptance Corp.,* 277 Mass. 251-256.

As we see no error prejudicial to the plaintiff, an order should be entered dismissing the report.

### Plaintiff's Requests For Rulings

1. That the automobile, to wit: A Willy's Jeep belonging to one James T. Harrington, and attached for the purpose of a levy in sale on an execution held by the Defendant, Bromley Auto Sales, Inc., against James T. Harrington,

was on the date of the seizure held by the Plaintiff in its usual place of business.

2. The Plaintiff requests the Court to rule that the Plaintiff had due it the sum of $296.00 for work, labor and materials, to which it was entitled payment before it could be taken from the possession of the Plaintiff.

3. The Plaintiff requests the Court to find that the Plaintiff by its attorney, Gershom D. Hall, informed the attaching officer that a mechanic's lien was due the Plaintiff, Hall Buick and Pontiac, Inc.

4. The Plaintiff requests the Court to find that the Plaintiff by his attorney, Gershom D. Hall, informed the attaching officer that there was a conditional lien held by the Plymouth National Bank on which there was due approximately $1,000.00.

5. The Plaintiff requests the Court to find that there was due a mechanic's lien by Hall Buick and Pontiac, Inc., in the amount of $296.00.

6. The Plaintiff requests the Court to find that there was a conditional sales agreement with the Plymouth National Bank on which there was due the sum of $1,216.44 less credit of $135.16.

7. The Plaintiff further requests the Court to find that the Plymouth National Bank of Plymouth, Massachusetts, had an unpaid motor vehicle installment contract.

Richard J. Cain of Harwichport, for the Plaintiff.
Roderick E. Smith for the Defendant.