### JOHN D. LOVELL *vs.* SUSAN E. WILLIAMS.

Worcester. October 1. — 21, 1878. AMES & SOULE, JJ., absent.

In an action against a married woman for goods sold and delivered to her husband, and used on a farm owned by her, on which she and her husband reside, evidence that she paid a bill for similar goods, bought by her husband during the time covered by the account in suit, is competent on the issue whether the husband acted as her agent in carrying on the farm.

Where a married woman lives with her husband on real estate which is her sole and separate property, there is no presumption of law that the husband is, and that the wife is not, liable for the ordinary expenditures for carrying on the estate.

If a person sells goods to another, who is the agent of an undisclosed principal, and takes the note of the purchaser in ignorance of such fact, the presumption that the note was taken in payment is rebutted, and the seller may resort to the undisclosed principal.

CONTRACT. At the trial in the Superior Court, before *Aldrich*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the substance of which appears in the opinion.

*W. S. B. Hopkins*, for the defendant.

*W. W. Rice*, (*F. T. Blackmer* with him,) for the plaintiff.

MORTON, J. This is an action of contract to recover for merchandise, such as seeds, fertilizers and farming tools, sold and delivered to the husband of the defendant, and used on the farm owned by the defendant, and on which she and her husband resided. The ground upon which the plaintiff bases his claim is that the husband was carrying on the farm as the agent of the defendant, and that he has the right to resort to her as an undisclosed principal.

1. The defendant testified " that her husband had always carried on the farm by her leave, and was not her agent, and that she had nothing to do with the carrying on of the farm." The plaintiff was permitted, in rebuttal, against the objection of the defendant, to introduce testimony tending to show " that, in settlement of a bill for similar merchandise used on said farm, and sold, delivered and charged by another merchant in Worcester to the defendant's husband, in like manner that the plaintiff's merchandise was, and during the period of time covered by the plaintiff's account, this defendant gave her note, and, after one renewal, paid it."

We are of opinion that this evidence was competent. It proved an act of the defendant which had some tendency to contradict her testimony, and to show that she recognized her husband as her agent in carrying on the farm.

2. The defendant asked the court to rule that " when a married woman is living with her husband, whether on her real estate or ʳot, in the absence of controlling evidence to the contrary, the presumption is that the expenses of the family and the ordinary expenditures for carrying on the place, are the husband's, and not the wife's." This ruling was properly refused The case did not call for any ruling as to what would be the presumption if the husband and wife were living on real estate not her own property, or as to what would be the presumption in regard to " the expenses of the family."

The instructions given in response to the request were such as were required by the evidence in the case, and were sufficiently favorable to the defendant. If a married woman lives with her husband upon real estate which is her sole and separate property, there is no presumption of law that she is not liable, and that he is liable, for " the ordinary expenditures for carrying on the place." Her liability in the case at bar depends upon the question of fact whether she has, personally or through an agent, entered into any contracts in reference to her separate property; and this question was properly submitted to the jury.

3. The defendant requested the court to rule that "the plaintiff cannot recover under the third count of his declaration, on the pleadings and the evidence." In regard to this count, it appears from the bill of exceptions that the goods embraced therein were sold prior to January 1, 1870; that on that day the note of the husband of the defendant " was given for the account declared on in the third count," and that the plaintiff did not discover until 1872 that the defendant owned the farm, and was liable to him as the undisclosed principal of her husband. At the trial, the defendant contended that this evidence proved conclusively that the account had been paid. The third request was refused, and the presiding judge, " after stating to the jury that the law in Massachusetts made a negotiable promissory note, given for an account, *primâ facie* payment of the account, added that, when the note given is not the obligation of all the parties who are liable for the account, the presumption, if it exists at all, is of much less weight; and that, in dealing with the question whether the note given in this case was received in payment, they were to consider this principle, if they should find upon the evidence that the husband was in fact the agent of the wife in making the purchase of the plaintiff, and that she was her husband's undisclosed principal in the transaction." To this instruction the defendant excepted, as not applicable to the facts in the case.

The rule in Massachusetts is, that if a negotiable promissory note is given for a preëxisting debt, the presumption is that the creditor intended to receive it in payment of such debt. But this presumption may be rebutted and controlled; and the fact that such presumption would deprive the creditor taking the

note of the substantial benefit of some security, such as a mortgage, guaranty, or the like, has been held to be sufficient evidence to meet and repel the presumption.     *Butts* v. *Dean*, 2 Met. 76.     *Curtis* v. *Hubbard*, 9 Met. 322.     *Appleton* v. *Parker*, 15 Gray, 173.     *Tucker* v. *Drake*, 11 Allen, 145.

The case of *French* v. *Price*, 24 Pick. 13, more nearly resembles the case at bar.     In that case, the plaintiff sold goods to an agent acting for undisclosed principals.     He afterwards took the notes of the agent for the account, and the principal question of fact in the case was whether, at the time he took the notes, he knew that the agent was acting for undisclosed principals.     The court, in the opinion, say : " If there was any deception or fraud in the giving of the notes, or if they were accepted under an ignorance of the facts, or a misapprehension of the rights of the parties, the vendors ought not to be bound by the acceptance. They may repudiate the notes, and rely upon the original contract of sale.     If, when the notes were taken, the vendors supposed that the promisors only were holden for the goods, and that they were not changing the parties, but only taking new security from the same parties, then it is very clear that the original contract was not so far extinguished as to prevent a resort to it when new parties were discovered."

In the case at bar, the plaintiff, when he took the note in question, was ignorant of the fact that the husband of the defendant was her agent, and that she was liable for the goods sold. He supposed that the promisor on the note was alone liable for them.     It would work a fraud on him to hold that the original contract was extinguished so as to prevent a resort to the defendant, when he discovered her liability under it.

It is clear, therefore, that the instructions given were sufficiently favorable to the defendant.          *Exceptions overruled.*