HOPEDALE MACHINE COMPANY *vs.* THOMAS C. ENTWISTLE
& others.

Worcester.   Oct. 3. — 20, 1882.   ENDICOTT, LORD & C. ALLEN, JJ., absent.

A written agreement provided that the defendant should work for the plaintiff for one year·from a date named; that the plaintiff should pay the defendant for such labor a specified sum per month; that any inventions made by the defendant "while in his [the plaintiff's] employ" should be the plaintiff's property; and that the defendant should assign them accordingly. The defendant remained in the plaintiff's employ after the expiration of the year, and certain inventions were made by him afterwards. *Held,* on a bill in equity to enforce specific performance of this agreement, that the words "while in his employ" must be construed with reference to the duration of the agreement; and that the defendant was not bound to assign to the plaintiff inventions made by him while employed by the plaintiff after the expiration of the year.

A written contract, which by its terms has expired, cannot be considered as existing afterwards from the fact that it has been so treated by the party against whom it is sought to be enforced, or from the fact that he has made oral statements that he was bound by it.

DEVENS, J.   This bill in equity is brought to enforce the specific performance of a written agreement, by which the defendant Entwistle agreed, as is alleged, for the consideration therein named, that any inventions which he might make relating to machinery built by the plaintiff, while he was in its employ, should be the property of the plaintiff; that he would assign all his interest in such inventions to the plaintiff, and do all acts necessary to make such assignment valid and effectual. The written contract, which was dated January 24, 1876, provided that the defendant should work for the plaintiff for one year from January 1, 1876, and that the plaintiff would pay him therefor certain specified sums per month.   It further provided that any inventions made by the defendant while in the employ of the plaintiff should be its property, and that he would assign them accordingly.   The defendant continued in the employ of the plaintiff after January 1, 1877, and the inventions, assignments of which are sought by this bill, were made thereafter.

It is the contention of the plaintiff that, whatever other provisions of the contract may have terminated by the expiration of the year, the words "while in its employ," in the connection in which they are found, bound the defendant to assign any of

his inventions, thereafter made, to the plaintiff, and constituted a written contract to that effect. But an expression, which, if it stood alone, would be general and unlimited in time, if found in a contract thus limited, must be construed with reference to the duration of the contract, unless a contrary intent quite clearly appears. Although the inquiry concern but a single clause, the contract is to be construed with reference to its object and the whole of its terms. It was one by which the plaintiff agreed to hire the defendant, and the latter agreed to work for the plaintiff, for one year. Compensation is provided for during that time only, and it is in terms treated as ending on January 1, 1877. Upon notice, under certain circumstances, the defendant might be absent " during the time covered by this contract." No provision beyond the year is made on either side for further labor or employment. Where the words " while in its [the plaintiff's] employ " are used, they must refer to the employment provided for by the contract, and be limited to a year, although the contract might be terminated within that time by three months' notice. It would be an unwarranted construction to hold that the defendant had agreed, by the phrase in question, to make assignments of his inventions, if ever employed thereafter by the plaintiff, when no agreement had been made for subsequent employment, and when, if subsequently employed, it must have been upon a different contract, however its terms might have resembled that which had terminated.

If such be the true construction of the contract, it is not important, in an action upon it, that it has been treated since as existing by acts on the part of Entwistle which recognized it, or that oral statements have been made by him that he was bound by it. They could not thus give it efficiency. To hold otherwise would be to hold that a written contract which by its terms had expired might still exist as such. Such acts and declarations might perhaps tend to establish a subsequent oral contract, into whose terms might have been incorporated by reference those to be found in a previous written contract. No such oral contract was set forth or relied upon. The finding of the judge, upon this evidence, that the parties understood and treated the written contract as existing after the year had ended,

could not therefore enable the plaintiff to obtain a decree upon it as such. *Bill dismissed.*

*T. G. Kent,* for the plaintiff.

*D. S. Richardson & G. F. Richardson,* ( *W. H. Anderson* with them,) for the defendants.