MALDEN CENTER GARAGE, INC. *vs.* MORRIS J. BERKOWITZ & others.

Suffolk.     October 10, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, Equitable replevin. *Equity Pleading and Practice*, Appeal. *Sale*, Conditional. *Attachment. Damages*, In suit in equity. *Constable. Agency*, Existence of relation.

In a suit in equity for equitable replevin of an automobile, there was evidence that the plaintiff sold it to one of the defendants upon a contract of conditional sale which provided that title should not pass until the purchase price was paid, that the purchaser would not suffer any attachment or levy on the automobile and that the plaintiff might take possession thereof in case of any attachment or breach of condition by the purchaser; that, after such a breach, a constable, another of the defendants, seized the automobile under an execution issued in an action by a creditor of the purchaser, a third

defendant, and placed it in storage pursuant to directions given to another constable by the creditor's attorney, a fourth defendant; and that the attorney, in response to an inquiry by the plaintiff as to where the first constable or the automobile could be found, said that he did not know. There was evidence of the fair value of the use of the automobile during the period it was withheld from the plaintiff. The trial judge did not make findings of fact. By his order, a final decree was entered directing the first constable, the creditor and the attorney to deliver the automobile to the plaintiff and awarding the plaintiff damages against such defendants for such loss of use. Those defendants appealed. *Held,* that

(1) A finding was warranted that the automobile had been so secreted by the defendants that it could not be taken upon a writ of replevin;

(2) The creditor gained no right by the first constable's seizure greater than that of the purchaser, his debtor;

(3) G. L. c. 223, §§ 74, 75, had no application in the circumstances;

(4) No demand by the plaintiff was necessary before the bringing of the suit;

(5) The first constable in the circumstances was not justified in his seizure of the automobile by the facts that he was an officer and seized it under an execution in favor of the creditor;

(6) The first constable properly could have been found to have acted for the second constable and therefore for the creditor and the attorney;

(7) The assessment of damages was proper;

(8) The final decree was proper and must be affirmed;

It *was stated* that, upon the appeal above described, this court could not grant a request made by the plaintiff in his brief that it assess further damages for the period after the assessment by the trial judge.

BILL IN EQUITY, filed in the Superior Court on December 11, 1928.

The suit was heard by *Weed*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). The judge did not make findings of fact. The bill, material evidence and the final decree are described in the opinion. The defendants Bennett, Berkowitz and Lewis appealed. The request by the plaintiff, mentioned in the opinion, for the assessment of damages since the assessment in the Superior Court, appeared only in his brief. He therein stated that, because approximately six months had elapsed since the trial and because he was still deprived of the possession of his automobile, the amount of damages ought to be increased to that extent: that "the

decree should be modified so as to give the plaintiff damages for the retention of the property since the date of the trial to the date of the rescript."

*A. H. Lewis*, for the defendants.

*A. P. Hardy*, for the plaintiff.

SANDERSON, J. This is a bill for equitable replevin of an automobile sold by the plaintiff to the defendant Rivkin under a conditional contract of sale in the form of a lease. *Hurnanen* v. *Nicksa*, 228 Mass. 346, 349. *Russell* v. *Martin*, 232 Mass. 379, 382. *Giligian* v. *New England Truck Co.* 265 Mass. 51. After breach of condition by Rivkin the automobile was seized by the defendant Bennett, as constable, under an execution issued in an action brought by the defendant Berkowitz against Rivkin and the Home Repairing and Remodelling Corporation, in which action the defendant Lewis was attorney for Berkowitz. The bill was taken for confessed as against the defendants Rivkin and Home Repairing and Remodelling Corporation and as to them the bill was dismissed. The decree entered enjoined the defendants Berkowitz, Bennett and Lewis to deliver the automobile to the plaintiff, and awarded damages against them, from which they appealed.

The trial judge made no findings of fact except such as are necessarily involved in the entry of the final decree. His decision was based in part on oral testimony. *W. B. Manuf. Co.* v. *Rubenstein*, 236 Mass. 215.

The conditional contract of sale of the automobile provided for the payment of the purchase price by instalments, and Rivkin agreed, in case of failure to pay any instalment when due, that the plaintiff should be entitled to the immediate possession of the automobile. It further provided that Rivkin would not suffer or permit any attachment or levy upon the automobile, and that in case of such attachment or levy the lessor might take possession of it. After Bennett made the attachment of and levy upon the automobile, he placed it in storage. Lewis gave directions to a constable named Gregory that the automobile should be so stored, and the judge could have found that Bennett was carrying out this order for Gregory.

There was evidence that when demand for delivery of the automobile to the plaintiff was being served on the defendant Lewis he was asked where Bennett or the automobile could be found and replied that he did not know. Upon the evidence the judge could have found that the automobile attached was the one described in the conditional contract, *Wise* v. *Kennedy*, 248 Mass. 83, and that it was so secreted or withheld that it could not be taken on a writ of replevin. G. L. c. 214, § 3 (1).

The judge was not bound to find on the evidence that any of the defendants had gained rights in the automobile superior to those of the plaintiff. An attaching creditor would gain no greater rights therein than those possessed by the conditional vendee. *Giligian* v. *New England Truck Co. supra.* The defence of waiver was not made in the answer, but if there was any evidence bearing on this issue the judge was not bound to find that the plaintiff had waived its right to repossess its automobile. The provisions of G. L. c. 223, §§ 74, 75, relating to the attachment of property of a debtor which is subject to a mortgage, pledge or lien and of which he has the right of redemption, do not apply to property received by the debtor on a lease or conditional contract of sale, which provides that title is not to pass until the property is paid for. *Nichols* v. *Ashton*, 155 Mass. 205, 206. *Worcester Morris Plan Co.* v. *Mader*, 236 Mass. 435, 438.

By the attachment the officer attempted to hold the property by a title and to exercise a control inconsistent with and adverse to the right of the plaintiff as the true owner, and no demand was necessary before bringing the action. *Blanchard* v. *Child*, 7 Gray, 155. *Edmunds* v. *Hill*, 133 Mass. 445. *Koski* v. *Haskins*, 236 Mass. 346, 349. He is not protected under the circumstances by the fact that he was an officer and took possession under a writ in favor of Berkowitz. The defendant Lewis was acting for Berkowitz in directing the constable to take possession of the automobile, and to store it. It has been contended in behalf of Berkowitz and Lewis that they should not be held because there is no evidence that Ben-

nett was acting as their agent. But there was evidence from which the judge could have found that Bennett was acting for them in carrying out the directions given to Gregory, and that they aided in concealing from the owner the place where the automobile could be found.

Evidence was introduced of the fair value of the use of the motor vehicle during the period of its detention, and the damages assessed for such use were justified. *Clark v. Martin*, 120 Mass. 543. No error appears in the conduct of the trial.

The request of the plaintiff that this court assess damages from the time elapsing since damages were assessed in the Superior Court cannot be granted. See *Day v. Mills*, 213 Mass. 585, 587.

*Decree affirmed with costs.*