Sanborn, J.
This is an action of contract in which the plaintiff seeks to recover the sum of twenty-three thousand nine hundred thirty-one and 30/100 ($23,931.30) dollars with interest, on account of a written guaranty under seal signed by the decedent, Ida Cook Appleton, wherein she guaranteed the due fulfillment of all obligations of her husband, Francis H. Appleton, to the plaintiff, to an aggregate amount of forty-eight thousand three hundred and forty- *204 five dollars. At the time this action was commenced, the obligation of said Francis H. Appleton to the plaintiff amounted to $23,931.30 with interest. The answer is a general denial and plea of payment. The action was tried on an agreed statement of facts and exhibits as follows:
On December 2, 1930, said Francis H. Appleton owed the plaintiff the sum of $48,300 for money loaned him.
On that date, Ida Cook Appleton, knowing of her husband’s indebtedness to the plaintiff, executed under seal at the request of the plaintiff, a written instrument, a copy of which is annexed to the report, in which' she guaranteed the due fulfillment of all obligations, direct or indirect" of said Francis H. Appleton to the plaintiff up to an aggregate amount of $48,345 at any one time outstanding, whether incurred prior to the signing of this agreement, or thereafter incurred prior to the receipt by the said plaintiff bank of notice in writing from said Ida Cook Appleton of the revocation of the guaranty. The instrument further contained this clause — “It is further agreed that the undersigned (Ida C. Appleton) waives any demand for payment and notice of non-payment and that without notice to the undersigned or without affecting the liability hereunder, the said bank may enforce its rights against the principal obligor and/or may take or release security and/or surrender documents, grant extensions, renewals and indulgences.”
Ida Cook Appleton died on January 26, "1933, and the defendant is the duly appointed administrator of her estate.
From time to time certain payments on account of the original indebtedness of Francis H. Appleton to the plaintiff were made, and on March 3, 1933, the balance due amounted to $29,090 — and was evidenced by a note made *205 on that date by said Francis H. Appleton payable to the order of the plaintiff in the sum of $29,090 with interest at the rate of three per cent and due four months after date. This note, a photostatic copy of which was affixed to the agreed statement of facts, was the last of a series of renewal notes, and was the only one in the possession of the plaintiff, as the old note had been returned to said Francis H. Appleton, the maker, each time a new note was given. At the time the guaranty was given, the indebtedness of said Francis H. Appleton to the plaintiff was the balance due on an indebtedness of $50,000 incurred in April 1930.
No witnesses were called and the only evidence before the Court was the agreed statement of facts, and the further agreement that the Court might draw inferences of fact from the facts agreed upon.
If the plaintiff is entitled to recover, it was agreed that judgment should be entered in the sum of $23,931.30 plus interest at the rate of three per cent from July 3,1933.
The plaintiff filed certain requests for rulings of which the second, seventh and eighth are as follows:
2. If the plaintiff had the guaranty of Ida Cook Appleton securing the indebtedness of Francis H. Appleton to it, the acceptance of a renewal note by the plaintiff will not be construed as taken in payment of the original obligation, but the renewal note will be considered only new evidence of the original obligation. Cotton v. Atlas National Bank, 145 Mass. 43.
7. If Ida Cook Appleton executed a guaranty of the obligations of Francis H. Appleton to the plaintiff and if it provided in the guaranty ‘and that without notice to the undersigned or without affecting the liability hereunder, the said Bank may enforce its rights against the principal obligor and/or may take or release security and/or surrender documents, grant extensions, renewals and indulgences, ’ and if on March 3, 1933, two months after the death of Ida Cook Appleton, the Bank *206 accepted from Francis H. Appleton a note maturing in four months thereafter representing the balance of the amount originally owed by Francis H. Appleton to the plaintiff at the time of the execution and delivery of the guaranty, the accepting of the renewal note did not release the Estate of Ida Cook Appleton from lia^ bility on account of the said guaranty.
8. If on December 2, 1930 Francis FI. Appleton owed the plaintiff the sum of $48,345. and on that day Ida Cook Appleton signed, sealed and delivered the guaranty set forth in the agreed statement of facts to the plaintiff, and Francis H. Appleton from time to time thereafter executed renewal notes payable to the order of the 1 plaintiff, and Francis H. Appleton at the date of the decease of Ida Cook Appleton owed the plaintiff $23,-391.30 or more, and if the last renewal note made after the death of Ida Cook Appleton matured prior to the bringing of this action, then the defendant, as he is Administrator of the Estate of Ida Cook Appleton, owes the plaintiff the sum of $23,391.30 with interest • thereon in the sum of $1211.53. '
Bequests numbered- 7 and 8 were denied and number 2 was “admitted if before death without revocation but denied otherwise.”
The Court found for the defendant, setting forth its findings as follows: “I find as a matter of fact that each time a note became due the old note was returned to the maker, and that that act was payment; and that the plaintiff in taking a new note after guarantor’s death created a new obligatian taken after her death and released the maker’s estate of any liability.”
The question here presented by the rulings and findings of the trial Court, is whether it was warranted upon the facts presented by the agreed statement, in finding that the note of March 3, 1933, constituted payment of the previous note, and created a new obligation to which the guaranty did not apply. ...
*207 The guaranty is by its own terms, a revocable guaranty. It specifically provides for the fulfillment of obligations incurred after the date of the guaranty and before the receipt by the plaintiff of notice in writing from the guarantor of the revocation of the guaranty. Such a guaranty is revoked by the death of the guarantor. Hyland et als. vs. Habich et als., 150 Mass. 113; Jordan vs. Dobbins, 122 Mass. 168.
The estate of the guarantor is liable for any obligations outstanding at the time of the guarantor’s death, for the fulfillment of which the guaranty was given. Jordan vs. Dobbins, Supra. The estate of Ida Cook Appleton is, consequently, liable for so much of the indebtedness of Francis H. Appleton to the plaintiff as was unpaid at the time of her death. The estate is not liable for any new obligations created after death because the guaranty had been revoked by her death.
It becomes necessary, therefore, to consider and determine the effect of the note of March 3,1933, upon the obligation of Francis H. Appleton to the plaintiff which was outstanding on January 26,1933 when Mrs. Appleton died.
Was this note a new obligation or was it a renewal only of the prior obligation which remained unpaid? The defendant contends this note of March 3, 1933, was given and accepted in payment of the prior note, and constituted a new obligation for which the guarantor’s estate cannot be held liable, because of the revocation of the guaranty by her death.
It is well established law that the giving of a negotiable note for a pre-existing account or note, is presumed to be a discharge and extinguishment of the prior indebtedness, and the substitution for it of the new obligation. Cotton vs. Atlas National Bank, 145 Mass. 43: Stebbins vs. North Adams Trust Co., 243 Mass. 69, and cases cited.
*208 But this presumption may be rebutted Stebbins vs. North Adams Trust Co., Supra, Giligran vs. New England Truck Co., 265 Mass. 51.
Whether a note operated as payment of a prior note is a question of fact depending on the intention of the parties. That intention when not expressed, must be ascertained from the various circumstances attending the transaction. Agawam National Bank vs. Downing, 169 Mass. 297; Kendall vs. Equitable Life Assurance Co., 171 Mass. 568.
It is not enough that a debtor should intend that his note should constitute payment unless that intention is shared by the creditor. Rosenberg vs. Robbins, 1935 Adv. Sh. 429.
' It is well settled that the presumption of payment of a pre-existing debt by the giving of a note is met and controlled when it is shown that such a presumption would deprive the creditor of the benefit of his security. Such evidence, it has been held, is sufficient to overcome the presumption. In short, when it appears that it will be for the benefit of the creditor that the old debt should be kept alive, the presumption is rebutted, because it-will not be presumed the creditor intended to give up his security. Lowell vs. Williams, 125 Mass. 439, Cotton vs. Atlas National Bank, Supra; Anderson vs. Home National Bank of Brockton, 1935 Adv. Sh. 625.
The application of these principles of law to the facts of the case at bar leads to these conclusions:
On January 26, 1933, when Ida Cook Appleton died, the plaintiff held the note of Francis H. Appleton, which his wife had guaranteed to pay, and for the payment of which her estate was liable, there being no evidence or contention the guaranty had been revoked during her life time. In renewal, or in payment of this note, on March 3,1933, Appleton gave a new note to the plaintiff, payable four months after date. If this note was intended by the parties as *209 payment of the prior note, or of the balance of the prior indebtedness, the guarantor’s estate is not liable.
There is little in the report which expressly and clearly indicates the intention of the parties with reference to the renewal or replacement of the several notes which evidenced the indebtedness of Appleton to the plaintiff, other than possibly the statement in Paragraph 5 of the agreed Statement of Facts, that “From time to time certain payments on account of the original indebtedness of Francis H. Appleton to the plaintiff were made and on March 3,1933, the balance due on account of the original indebtedness was evidenced by a note” — which is the note in question.
We are of the opinion that the evidence and the reasonable inferences therefrom, do not warrant the finding, the note was given and accepted in payment of the prior indebtedness. To hold otherwise, is to find that the plaintiff intended to relinquish its rights under the guaranty. There is insufficient evidence of that intention to warrant that finding.
There was prejudicial error in denying the plaintiff’s requests seven and eight, and in the qualified allowance of the second request.
Judgment is to be entered for the plaintiff in the sum. of twenty-three thousand nine hundred thirty-one and 30/100 ($23,931.30) dollars plus interest thereon at the rate of three per cent from July 3,1933/ So ordered.