Sanborn, P. J.
The claimant, Thorne, on or about November 1, 1937, sold to one Giardino, an automobile, at which time Giardino executed a conditional lease by the terms of which title to said automobile was to remain in Thorne until the purchase price was fully paid. Giardino also executed a series of fifteen promissory notes in the amount of twelve dollars each payable in successive months, the total amount of these notes representing the purchase price of $250 less $70 allowed for a trade-in. Giardino paid four of these notes, and on or about April 15,1938> executed another conditional lease of the same automobile, and also executed a note in the amount of $144. This note and lease *25 were assigned by Thorne to the Natick Trust Company. As found by the court, the second lease was invalid because it did not comply with the provisions of Chapter 255, § 13 A, of the General Laws.
It is the contention of the claimant, on the analogy of the doctrine that a valid will, under certain circumstances, may not be revoked by the execution of a later one which is void by reason of improper execution, that even though it were the intention of the parties that the lease of April 15th, was to extinguish the earlier one, and the later note was to be payment of the series of earlier ones, the invalidity of the second lease left the earlier lease in full effect, and his claim to the automobile is, therefore, superior to the rights of the plaintiff who seized the automobile on an execution he held against Giardino.
It is well established law that the giving of a negotiable note for a pre-existing account or note, is presumed to be a discharge and extinguishment of the prior indebtedness, and the substitution for it of the new obligation. Cotton vs. Atlas National Bank, 145 Mass. 43; Stebbins vs. North Adams Trust Co., 243 Mass. 69, and cases cited.
But this presumption may be rebutted. Stebbins vs. North Adams Trust Co., Supra, Giligran vs. New England Truck Co., 265 Mass. 51.
Whether a note operated as payment of a prior note is a question of fact depending on the intention of the parties. That intention when not expressed, must be ascertained from the various circumstances attending the transaction. Agawam National Bank vs. Downing, 169 Mass. 297; Kendall vs. Equitable Life Assurance Co., 171 Mass. 568, and it is not enough that a debtor should intend that his note should constitute payment unless that intention is shared by the creditor. Rosenberg vs. Robbins, 289 Mass. 402.
*26 It is well settled also that the presumption of payment of a pre-existing debt by the giving of a note is met and controlled when it is shown that such a presumption would deprive the creditor of the benefit of his security. Such evidence, it has been held, is sufficient to overcome the presumption. In short, when it appears that it will be for the benefit of the creditor that the old debt should be kept alive, the presumption is rebutted, because it will not be presumed the creditor intended to give up his security. Lowell vs. Williams, 125 Mass. 439; Cotton vs. Atlas National Bank, 145 Mass. 43; Anderson vs. Home National Bank of Brockton, 290 Mass. 40.
In the instant case, there is little in the report that expressly indicates the intention of the parties. It does appear, however, that the claimant made an assignment to a bank of the second lease and note, thereby indicating that he considered them valid and effective obligations. We are of the opinion the trial court was warranted in finding the parties intended the later note was given and taken in payment of the earlier ones, a finding of fact not open to review here. Moss vs. Old Colony Trust Company, 246 Mass. 139. Payment in full of those earlier notes extinguished the lease and left the title to the automobile unconditionally in GHardino. Once paid those notes were not revived by any subsequent transactions between the parties. The lease of April 15, 1938, being void and of no effect, the court correctly found for the plaintiff. No prejudicial error appearing, the report is dismissed.