JOHN PELLEGRINO, Doing Business as PELLEGRINO OIL HEAT & APPLIANCE COMPANY, Appellant, v. VAROUJAN ALMASIAN et al., Respondents.

Third Department, May 26, 1960.

*Crapser & Kirsch* (*Vincent F. Kirsch* of counsel), for appellant.

*Shean & Power* (*William H. Power, Jr.,* of counsel), for respondents.

HERLIHY, J. There is no dispute that plaintiff furnished labor and materials for the plumbing and heating systems in a new house built for the defendants under a contract with John Vereb and which provided that plaintiff was to receive the subcontract for the work therein. It is also agreed that the total amount due plaintiff was $3,774.25 and that there was an outstanding balance of $2,213.58, the amount herein sought. The plaintiff contends the defendants, owners of the house, owed him the money; the defendants, to the contrary, state that plaintiff was a subcontractor and must collect the unpaid balance from John Vereb, the general contractor.

The complaint alleged the work and services were performed and the materials furnished at the request of the defendants, which in their answer was denied.

The court submitted the case to the jury as to whether there was an express or implied contract between the parties, the latter being charged by the court as specifically requested by the attorneys for the plaintiff. There was no exception taken to the charge and it became the law applicable to this case.

On this appeal plaintiff contends the verdict was against the weight of evidence. The record discloses that the plaintiff testified as to the circumstances surrounding his accepting the work, particularly that he would do the work directly for the defendants if they agreed to pay him but he would not do the work for the general contractor. His secretary testified as to conversations tending to verify such an understanding. One additional witness was produced by the plaintiff as to the value of the materials and services but the amount due is not in dispute.

The defendant denied these conversations as interpreted by the plaintiff and said he insisted on the general contractor giving to the plaintiff the specified work and that he be named in the agreement. The contractor, Vereb, confirmed the defendants' version and produced the contract which was offered to show the entire transactions between the parties. This was received in evidence over objection of the plaintiff but we consider it proper and necessary as part of the defense of the defendants as to any oral agreement alleged between the parties to this litigation. The contractor further testified that he had shown the proposed contract to the plaintiff before its execution. Among payments made to the plaintiff on account was one for $1,000 directly to him from the defendants and offered for the purpose of attempting to show confirmation and ratification of the plaintiff's version of the transaction and agreement. The defendants testified as to this direct transaction and the contractor said he authorized

defendants to make the payment directly and deduct it from the total amount due on the contract. These salient factors, together with the rest of the testimony, were submitted to the jury for its determination factually and it cannot be said under the circumstances the verdict was against the weight of evidence. Concededly, the jury might well have found privity of contract between the parties to this litigation but there was ample evidence to support their apparent and implicit findings of lack of contractual agreement between the parties hereto and inferentially privity between the plaintiff as a subcontractor and Vereb, the general contractor.

The plaintiff on this appeal argued that he was entitled to recover on the theory of *quantum meruit*. This clause means "as much as he deserved" and is premised upon the finding of an implied promise to pay plaintiff *as much as he reasonably deserved*. The argument is not tenable here where the court charged the plaintiff's request as to implied contract. *Quantum meruit* is concerned with the amount of damages resulting from —an agreement—the implied promise of defendant to pay. (See 1 Williston, Contracts [3d ed.], § 36; *Matter of Hughes*, 229 App. Div. 614, 615.)

In *Rubin* v. *Cohen* (129 App. Div. 395, 397) the court said: "With respect to services performed and materials furnished, it has become the settled law that under a declaration on a special contract, if the proofs fail in establishing such contract, but do in fact show a rendition of services, a recovery may be had upon a *quantum meruit*."

Here it must be inferred the jury determined the services and materials were for the benefit of the defendants but rendered in accordance with the contract alluded to.

See, also, *New York Inter-urban Water Co.* v. *City of Mount Vernon* (185 App. Div. 305) where at page 309 the court said: "If, for example, the basis of this action was the *water* supplied to the city and its inhabitants after the expiration of the formal contract and in the absence of any contract, then the doctrine of implied contract might apply (*Harlem Gas Co.* v. *Mayor, etc.*, 33 N. Y. 309; Dillon Mun. Corp. [5th ed.] 1388, and notes), and recovery might be had as on *quantum meruit*." (See, also, *Noce* v. *Kaufman*, 2 N Y 2d 347, 352.)

While the court did not use the terminology—*quantum meruit* —complained of on this appeal, it charged as to an implied contract to pay for work and services. One of the cases relied upon by the plaintiff in his brief seems to offer a possible explanation as to the verdict. In *Miller* v. *Schloss* (218 N. Y. 400, 406–407) the court said: "A contract cannot be implied

*in fact* where the facts are inconsistent with its existence; or against the declaration of the party to be charged; or where there is an express contract covering the subject-matter involved; or against the intention or understanding of the parties; or where an express promise would be contrary to law. The assent of the person to be charged is necessary and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted.''

The further ground of plaintiff that the verdict was against the weight of evidence on the theory of '' account stated '' is not applicable to the present facts. To recover it is necessary that there be a contract, express or implied, between the parties. It is directed more to the amount due (Civ. Prac. Act, § 255-a) which here is not disputed. (See *Parsons* v. *Batchelor,* 233 App. Div. 517, 518.)

In *Rodkinson* v. *Haecker* (248 N. Y. 480) the action concerned a contractual obligation—services rendered—by an attorney to his client.

We are satisfied the question of fact as to the rights of the respectives parties was properly submitted to the jury following a charge to which no exception was taken.

Having so concluded, it is not necessary to reach the question of the propriety of the court in granting a nonsuit at the end of the plaintiff's case as against the defendant Clara Almasian.

The judgment should be affirmed.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.